UNITED STATES of America,
Plaintiff–Appellee,

v.

Edison BRADY, a.k.a. Brady Edison,
Defendant–Appellant.

No. 13–10273.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 27, 2014.

Vincent Q. Kirby, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Keith J. Hilzendeger, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM ***

Edison Brady appeals from the 45–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Brady contends that the district court procedurally erred by failing to explain adequately the sentence. We review for plain error, *see United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006), and find none. The district court sufficiently explained the sentence. *See United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir. 2000) (finding of danger to community sufficient under 18 U.S.C. § 3553(c)(2)).

Brady next contends that his sentence is substantively unreasonable because it was based primarily upon the need to punish him for his conduct, an impermissible sentencing factor in a supervised release revocation proceeding. The district court did not abuse its discretion in imposing Brady's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The record does not support Brady's argument that the district court imposed a 45–month sentence to punish him. The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Brady's dangerousness to the community and repeated violations of supervised release. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

